UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY CHAMBERS,<br><br>Plaintiff,<br><br>v.<br><br>MIKE BRAUN, et al.,<br><br>Defendants. | CAUSE NO. 3:26-CV-904-TLS-APR |

OPINION AND ORDER

Jerry Chambers, a prisoner without a lawyer, filed a complaint. ECF 1. He did not seek to proceed in forma pauperis, but he cannot proceed in forma pauperis in this case because a prisoner may not bring a civil action or appeal in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Chambers has accumulated at least four strikes:

(1) *Chambers v. Hyatte*, No. 3:21-cv-586-DRL-MGG (N.D. Ind. filed Aug. 9, 2021), dismissed Jan. 31, 2022, pursuant to 28 U.S.C. 1915A because the complaint did not state a claim;

(2) *Chambers v. Brown*, No. 3:21-cv-647-DRL-MGG (N.D. Ind. filed Aug. 30, 2021), dismissed March 14, 2022, pursuant to 28 U.S.C. § 1915A because the complaint did not state a claim;

(3) *Chambers v. Department of Correction,* No. 3:22-cv-172-RLM-MGG (N.D. Ind. filed Mar. 3, 2022), dismissed May 17, 2022, pursuant to 28 U.S.C. § 1915A because the complaint did not state a claim; and

(4) *Chambers v. Holcomb,* No. 3:22-cv-191-RLM-MGG (N.D. Ind. filed Mar. 8, 2022), dismissed May 17, 2022, pursuant to 28 U.S.C. § 1915A because the complaint did not state a claim.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Chambers sues the governor, the commissioner of the Indiana Department of Correction, and a warden because he had seizures while he was held in a dark cell (or a cell with high power flood lights) without a fan or television in April and May. He says he is afraid that his life is in danger because he could have died during those two months. This complaint does not allege facts showing it is plausible to believe he was in imminent danger of serious physical injury when he filed this complaint in June.

For these reasons, the court:

(1) DENIES Jerry Chambers leave to proceed in forma pauperis;

(2) ORDERS Jerry Chambers to pay the $405.00 filing fee by **September 22, 2026**; and

(3) CAUTIONS Jerry Chambers if he does not pay the filing fee by that date, this case will be dismissed without further notice.

SO ORDERED on September 2, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT